IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| WORD OF LIFE CHRISTIAN CENTER, | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) Case No. 4:25-cv-04120-SLD-RLH ) |
| CHURCH MUTUAL INSURANCE COMPANY, SI, | ) ) ) ) |
| *Defendant*. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE PARTIAL REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

COMES NOW Plaintiff, Word of Life Christian Center ("Plaintiff") and files this, its Response to Defendant Church Mutual Insurance Company, SI's ("Defendant") Motion to Dismiss, and for cause would show this Honorable Court the following:

1. Defendant seeks leave of the Court to file a proposed reply which allegedly raises new arguments and submits further evidence not previously submitted into the record. Dkt. 10 at ¶¶ 9-10. 7 Defendant's proposed reply seems to hinge on three reasons, support for which already exists in the record based on the Parties' previous filings on this issue. Dkt. 10-1 at ¶ 16-24.

2. First, the proposed reply attacks Plaintiff's practice of corresponding with Defendant through its licensed public insurance adjuster rather than directly. *Id*. at 17-21. Defendant further seems to muddy the issue by alleging that it never authorized Plaintiff to assign or otherwise delegate its post-loss duties under the Policy. Dkt. 10-1 at ¶ 20.

3. Nothing in the policy states that a policyholder cannot communicate with Defendant through a licensed public insurance adjuster. Plaintiff's public adjuster, Sean Martin, is a licensed

public adjuster under 215 ILCS 5/1575, which authorizes public insurance adjusters to represent policyholders upon obtaining the appropriate licensure.

4. Furthermore, Defendant's proposed reply cites no documentation evidencing Plaintiff's assignment of the benefits of the claim at issue to its public adjuster. Only such an assignment would create an issue under the relevant policy language. Since Defendant's proposed reply references no such documentation, this argument is without merit.

5. Defendant's second argument goes to its doubts that Plaintiff provided all documents in its possession to satisfy the documentation requests submitted during the adjustment of the claim at issue. Dkt. 10-1 at ¶ 22-23. Defendant goes on to argue that Plaintiff, as a nonprofit corporation, and alleges that Plaintiff is acting unlawfully by failing to retain all requested documents which it was unable to provide.

6. However, Defendant's proposed reply fails to provide support for this assertion. Its exhibits merely reiterate the documentation originally provided in its initial motion to dismiss, rather than citing specific authority which would justify its assertion that Plaintiff was acting unlawfully by failing to retain the documentation it requested. Therefore, its proposed reply, and all its exhibits, make little more than a conclusory argument which adds no factual or statutory support not already present in the record.

7. Finally, Defendant's proposed reply alleges that Plaintiff forfeited its right to assert the claims at issue by failing to appear for an examination under oath ("EUO"). Dkt. 10-1 at ¶ 24. However, nothing in Defendant's proposed reply negates Illinois law which favors allowing policyholders the right to cure any such defects when there has been substantial compliance with the cooperation of the claim. See *Crowell v. State Farm Fire & Cas. Co.*, 259 Ill. App. 3d 456, 457, 631 N.E.2d 418, 419 (1994) (reversing an order granting summary judgment and holding that the

insured should have been allowed to cure this noncompliance with the cooperation clause of its insurance policy); see also *Hartshorn v. State Farm Ins. Co.*, 361 Ill. App. 3d 731, 734, 838 N.E.2d 211, 214 (2005) (holding that a full dismissal of a case is only appropriate when the insureds "make virtually no effort to produce relevant information and the insurer relies on a cooperation clause to deny coverage.").

8. In sum, Defendant's proposed reply raises no new issues of fact or evidence which have not been addressed based on the previous filings nor the established law in the State of Illinois. This proposed reply is therefore without merit, and this Court should deny Defendant's motion seeking leave to file the same.

## PRAYER

9. WHEREFORE, PREMISES CONSIDERED, Plaintiff Word of Life Christian Center prays that this Court DENY Defendant Church Mutual Insurance Company, SI's Motion for Leave to File its Partial Reply in Support of its Motion to Dismiss.

THE HODGE LAW FIRM, PLLC

Respectfully submitted,

By: /s/ Michael E. Cooper

Michael E. Cooper (admitted PHV)
State Bar No. 24131142
Email: mcooper@hodgefirm.com
Shaun W. Hodge
State Bar No. 24052995
Email: shodge@hodgefirm.com
The Historic Runge House
1301 Market Street
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the foregoing instrument was served upon all counsel of record through this Court's electronic document filing CM/ECF system in accordance with the Federal Rules of Civil Procedure on this 26th day of August, 2025, and thereby served upon all Parties to the following addresses:

James P. DuChateau, Esq.
James.duchateau@heplerbroom.com
Brandt T. Miller, Esq.
Brandt.miller@heplerbroom.com
HEPLER BROOM, LLC
70 W. Madison Street, Suite 2600
Chicago, Illinois 60602
Telephone: (312) 230-9100

ATTORNEYS FOR DEFENDANT

By: _____

Michael E. Cooper (admitted PHV)