UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| WORD OF LIFE CHRISTIAN CENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-04120-SLD-RLH |
| ) | |
| CHUCH MUTUAL INSURANCE ) | |
| COMPANY SI, ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the Court are Defendant Church Mutual Insurance Company SI's ("Church Mutual") motion to dismiss, ECF No. 7, and motion for leave to file a reply in support of its motion to dismiss, ECF No. 10. For the reasons that follow, both motions are DENIED.

BACKGROUND[1]

This case involves a dispute between Plaintiff Word of Life Christian Center ("Word of Life") and Church Mutual over the amount due under an insurance contract. Word of Life owns a property located at 1804 7th Avenue, Rock Island, Illinois (the "Property"). Church Mutual issued an insurance policy covering Word of Life against risk of certain damage to the Property (the "Policy"). The Policy was effective from June 28, 2022 to June 28, 2023.

On or about March 31, 2023, a storm brought wind and hail that damaged the Property. After inspecting the Property, the parties reached dramatically different valuations of the covered damage. Church Mutual paid Word of Life $3,920.68 for damage to the Property, while Word of

---

[1] Unless otherwise stated, the facts described in this section are as alleged in Plaintiff Word of Life Christian Center's complaint, Not. Removal Ex. 1, ECF No. 1-1. For the sake of ruling on a motion to dismiss, the Court "accept[s] as true all factual allegations in the . . . complaint and draw[s] all permissible inferences in [the plaintiff's] favor." *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015).

1

Life's agent, Semper Fi Public Adjuster Midwest, LLC ("Semper Fi") estimated the replacement cost value of the covered damage as $2,555,143.24. Subsequently, the parties engaged in negotiations and other communications in an attempt to settle the claim. This process involved several requests for documentation related to damage and repairs to the property.

The dispute culminated in legal action filed in this Court on March 27, 2025. *See* Civil Docket for Case No. 4:25-cv-04067-SLD-RLH 1, Resp. Mot. Dismiss Ex. C, ECF No. 9-3.[2] The Court dismissed Word of Life's case without prejudice on May 9, 2025, because the complaint insufficiently alleged the requirements for diversity jurisdiction. *Id.* at 2. After unsuccessfully attempting to reopen the case to cure these deficiencies, Word of Life commenced a new action in Illinois state court seeking materially identical relief. *See generally* Compl., Not. Removal Ex. 1, ECF No. 1-1. Church Mutual then removed the case to this Court. *See generally* Not. Removal, ECF No. 1.

Church Mutual seeks dismissal of the complaint for failure to state a claim. *See generally* Mot. Dismiss; *see also* Fed. R. Civ. P. 12(b)(6). Word of Life filed a response opposing the motion to dismiss in its entirety. *See generally* Resp. Mot. Dismiss, ECF No. 9. Church Mutual seeks leave to file a reply in support of its motion, *see generally* Mot. Reply, and it attached the proposed reply for the Court's consideration, *see generally* Proposed Reply, ECF No. 10-1.

## DISCUSSION

### I. Motion for Leave to File a Reply

Civil Local Rule 7.1(B)(3) requires that Church Mutual seek leave of the Court to file a reply to the response to its motion to dismiss. "Replies may be allowed for reasons including the non-movant's introduction of new and unexpected issues in his response, and the interest of

---

[2] The docket attached in this exhibit is unpaginated. For ease of reference, the Court uses the page numbers generated by CM/ECF for pin cites.

2

completeness." *Magnuson v. Exelon Corp.*, 658 F. Supp. 3d 652, 658 (C.D. Ill. 2023) (alterations and quotation marks omitted).  However, "the Court does not typically permit the moving party to file a reply in order to introduce new arguments or evidence that could have been included in the motion itself, or to rehash the arguments made in the motion." *Shefts v. Petrakis*, No. 10-cv-1104, 2011 WL 5930469, at *8 (C.D. Ill. Nov. 29, 2011).  Church Mutual contends that Word of Life's response "raises arguments . . . that require reply briefing for the sake of completeness and a ruling on the merits."  Mot. Reply ¶ 9.  Church Mutual especially highlights its need to respond to the new evidence presented by Word of Life to support its argument that it cooperated with Church Mutual during the settlement process.  *Id.* ¶ 10.

Word of Life did attach new exhibits to its response, but it did not introduce new or unexpected issues.  The new exhibits and associated arguments all relate to whether Word of Life cooperated with Church Mutual as required by the Policy.  Such arguments are not new. They are squarely presented to the Court in Church Mutual's motion to dismiss.  *See* Mot. Dismiss ¶¶ 20–45.  Church Mutual thus had full opportunity to present any relevant arguments in its motion to dismiss.  Further, as discussed below, when ruling on a motion to dismiss, the Court does not make factual findings based on evidence.  There is no need for Church Mutual to respond to Word of Life's exhibits that raise no new allegations but only support the allegations in the complaint.  Because the response does not introduce any new or unexpected issues, and because Church Mutual already had an opportunity to address the matter, the motion is DENIED.

## II.   Motion to Dismiss

### a.   Legal Standard

A court will dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To determine whether a complaint states a claim, a court

considers whether a complaint's "well-pleaded factual allegations . . . plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court conducting this review must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012).

### b. Materials Considered

When ruling on a motion to dismiss, courts typically review only the allegations contained in the pleadings. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). "For purposes of a Rule 12(b)(6) motion, the pleadings include the complaint, any exhibits attached thereto, and the supporting briefs." *LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 942 n.2 (7th Cir. 2010); *see* Fed. R. Civ. P. 10(c). Courts may also consider "information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). When a defendant files a motion under Rule 12(b)(6), "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). A "narrow exception," *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998), exists wherein "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys., Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *accord 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). When the attached documents are not "(1) referenced in the plaintiff's complaint, (2) concededly authentic, and (3) central to the

plaintiff's claim," they may not be considered when adjudicating a motion to dismiss under Rule 12(b)(6). *Fin. Fiduciaries, LLC v. Gannett Co.*, 46 F.4th 654, 663 (7th Cir. 2022).

"A plaintiff, however, has much more flexibility in opposing a Rule 12(b)(6) motion . . . ." *Geinosky*, 675 F.3d at 745 n.1. Plaintiffs "may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove." *Id.* A court may consider these materials so long as they are "consistent with the pleadings." *Id.*; *accord Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 399 n.28 (7th Cir. 2018).

Church Mutual attached five exhibits to its motion to dismiss. It submitted the Policy as Exhibit 1. *See generally* Policy, Mot. Dismiss Ex. 1, ECF No. 7-1. Exhibits 2 through 5 contain communications sent by Church Mutual to Word of Life regarding Church Mutual's demands for production of documents. *See generally* Rejection Unsolicited Proof Loss, Req. Documentation & Suppl. Reservation Rights, Mot. Dismiss Ex. 2, ECF No. 7-2; Suppl. Reservation Rights & Demand Produc. Docs. & Examination Under Oath, Mot. Dismiss Ex. 3, ECF No. 7-3; Final Opportunity Cure Letter, Mot. Dismiss Ex. 4, ECF No. 7-4; Declination Coverage, Mot. Dismiss Ex. 5, ECF No. 7-5. Word of Life attached a further eight exhibits to its response to the motion to dismiss. Exhibits A through E pertain to the prior case filed before this Court by Word of Life against Church Mutual. Word of Life's Illinois state court complaint is attached as Exhibit F, as is the Policy. *See generally* Resp. Mot. Dismiss Ex. F, ECF No. 9-6. Exhibit G is the same document attached by Church Mutual as Exhibit 2 to its motion to dismiss. *See generally* Rejection Unsolicited Proof Loss, Req. Documentation & Suppl. Reservation Rights, Resp. Mot. Dismiss Ex. G, ECF No. 9-7. Exhibit H contains an email exchange between Church Mutual and Semper Fi, the public adjusting firm retained by Word of Life in connection to its claim. *See*

...

*generally* Email Exchange Sean Martin & Richard Hammond-Moore ("Email Exchange"), Resp. Mot. Dismiss Ex. H, ECF No. 9-8.

Most of these exhibits may properly be considered by the Court. The state court complaint attached as Exhibit F to the response is the operative complaint in this case, so it is already part of the record. The Policy may be considered as it is also attached to the complaint. In any case, contracts directly at issue in a case lie at the core of the incorporation by reference exception. *See Levenstein*, 164 F.3d at 347 (describing incorporation by reference as "aimed at cases interpreting, for example, a contract"). The Court may also consider Exhibits A through E to Word of Life's response. Prior judicial proceedings, along with the documents submitted to the Court during such proceedings, are subject to judicial notice. *See Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) ("We've long held that district courts can take judicial notice of public court documents and proceedings when considering a Rule 12(b)(6) motion."). Finally, Word of Life's Exhibits G, which is also Church Mutual's Exhibit 2, and H may be considered because they illustrate the facts Word of Life intends to prove and are not inconsistent with the complaint.

The remaining three exhibits—Church Mutual's Exhibits 3 through 5—cannot be considered without converting the motion into one for summary judgment. Church Mutual argues that the exhibits pertaining to its document requests and communication between the parties are incorporated into Word of Life's complaint by reference. Mot. Dismiss ¶¶ 14–19. It claims that the complaint "expressly mentioned and is premised on disputes regarding the coverage offered by the Policy," *id.* ¶ 16, and that the complaint "references the positions and conclusions of the parties contained therein as underlying factual allegations and evidence of Church Mutual's alleged breaches," *id.* ¶ 17. However, the complaint nowhere identifies,

6

describes, or relies on the specific documents presented by Church Mutual. It only refers generally to "attempt[s] to negotiate," Compl. ¶ 15, "multiple communications with agents or other representatives of [Church Mutual]," *id.* ¶ 24, and "demands" and "documentation to support its loss" sent by Word of Life to Church Mutual, *id.* ¶ 25. This is not enough. "To be incorporated by reference, the documents themselves—not just their general category or theme—must be central to the complaint and referred to in it." *Patterson v. Respondus, Inc.*, 593 F. Supp. 3d 783, 805 (N.D. Ill. 2022). It is not even evident that the documents attached by Church Mutual are those contemplated by Word of Life. The general language in the complaint could refer to the documents presented by Church Mutual, or it could refer to different or additional documentation or even verbal exchanges.

Further, the documents are not central to Word of Life's claim. Documentation of the parties' negotiations may serve as evidence for its allegations, but the complaint ultimately centers on Church Mutual's *actions*, not the existence of *documents*. Word of Life could, in theory, prevail on its Section 155 claim without any supporting documentation. Even if the exhibits have some evidentiary relevance, they are not central to the claim. *See Hartman v. Meta Platforms, Inc.*, No. 3:23-CV-02995-NJR, 2024 WL 4213302, at *7 (S.D. Ill. Sept. 17, 2024) ("[R]elevance does not equate to centrality under the incorporation-by-reference doctrine.").

On the whole, Church Mutual's Exhibits 3 through 5 do not fit within the narrow exception created by the doctrine of incorporation by reference. The exception "is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *Levenstein*, 164 F.3d at 347. Instead, because a "court is not bound to accept [a plaintiff's] allegations as to the effect of [a document]," the exception allows a defendant to provide the document so the court can "independently examine the document and

form its own conclusions as to the proper construction and meaning to be given the material." *Rosenblum*, 299 F.3d at 661 (quotation marks omitted).  Church Mutual is not providing a document like a contract that Word of Life failed to attach to the complaint.  *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2002) ("The [incorporation-by-reference] doctrine prevents a plaintiff from evading dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proves his claim has no merit." (quotation marks and alterations omitted)).  Rather, it is attempting to litigate the merits of the complaint.

The Court elects to exclude Exhibits 3 through 5 of Church Mutual's motion to dismiss rather than convert the motion to one for summary judgment.  *See* Fed. R. Civ. P. 12(d); *see also Levenstein*, 164 F.3d at 347 (noting that "[i]t was within [the] discretion" of the district court to choose "to handle the case as a straightforward motion to dismiss, rather than converting it to a motion under Rule 56").  The nature and content of the parties' communications is an issue of fact that may be contested at trial.  The Court finds that discovery would be beneficial before proceeding to summary judgment.

  c. **Analysis**

    i. **Count I: Breach of Contract**

In Count I, Word of Life alleges that "Church Mutual breached its contractual obligations under the Policy by denying liability, in part, for a covered loss."  Compl. ¶ 20.  It seeks damages equaling $2,555,143.24, the estimated cost to remediate all damage to the Property.  *Id.* ¶ 21.  Church Mutual contends that Word of Life fails to state a claim for breach of contract because it failed to comply with the contractual prerequisites to bring legal action under the Policy.  *See* Mot. Dismiss ¶¶ 20–45.

      1. **Compliance with Policy Provisions**

Church Mutual contends that Word of Life's suit is barred its failure to comply with a condition precedent. *See* Mot. Dismiss ¶ 30. Under the Policy, "No one may bring a legal action against [Church Mutual] under this Coverage Part unless: (1) There has been full compliance with all of the terms of this Coverage Part." Policy 60.[3] Church Mutual claims that Word of Life did not comply with the terms of the coverage part. Mot. Dismiss ¶ 20. It highlights Policy provisions requiring Word of Life to give Church Mutual inventories of the damaged property, send a signed proof of loss, permit Church Mutual to inspect and take samples of the property and inspect and copy Word of Life's books and records, and otherwise cooperate with Church Mutual in the settlement of the claim. *Id.*; Policy 71–72. According to Church Mutual, Word of Life did not provide the requested documents or cooperate with the claim settlement process. *See* Mot. Dismiss ¶¶ 22–29. In response, Word of Life claims that it complied with all policy provisions. *See* Resp. Mot. Dismiss ¶¶ 18–25.

It is unclear if Illinois law treats compliance with all conditions precedent as "one of the essential elements of a breach of contract action," *Wilbur v. Potpora*, 462 N.E.2d 734, 736 (Ill. App. Ct. 1984); *see also Martin-Trigona v. Bloomington Fed. Sav. & Loan Ass'n*, 428 N.E.2d 1028, 1031 (Ill. App. Ct. 1981) ("A proper and adequate complaint based upon a breach of contract must allege . . . the plaintiff's performance of all contractual conditions required of him . . . ."), or if failure to comply with a condition precedent is an "affirmative defense for which [the defendant] bears the burden of proof," *Kinesoft Dev. Corp. v. Softbank Holdings Inc.*, 139 F. Supp. 2d 869, 889 (N.D. Ill. 2001) (citing *Cap. Plumbing & Heating Supply, Inc. v. Van's Plumbing & Heating*, 373 N.E.2d 1089, 1091 (Ill. App. Ct. 1978)); *see also Cathay Indus. USA, Inc. v. Bellah*, 816 F. App'x 17, 20–21 (7th Cir. 2020) (describing as an "affirmative defense"

---

[3] The Policy includes many documents and parts that are either unpaginated or individually paginated. For ease of reference, the Court uses the page numbers generated by CM/ECF for pin cites.

that certain payments by the plaintiff were a "condition precedent" to the defendant's duty to fulfill their contractual obligations). In either case, dismissal is improper.

If treated as an affirmative defense, then failure to comply with a condition precedent does not show that a complaint fails to state a claim, as is required for dismissal under Rule 12(b)(6). *See Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) ("[A] plaintiff ordinarily need not anticipate and attempt to plead around affirmative defenses."); *Burton v. Ghosh*, 961 F.3d 960, 964–65 (7th Cir. 2020) ("The proper way to seek a dismissal based on an affirmative defense under most circumstances is not to move to dismiss under Rule 12(b)(6) for failure to state a claim."). This is because a court evaluating a motion to dismiss considers only whether the complaint is facially sufficient, while an affirmative defense "raises matters outside the scope of plaintiff's prima facie case." *Instituto Nacional De Comercializacion Agricola (Indeca) v. Cont'l Ill. Nat'l Bank & Tr. Co.*, 576 F. Supp. 985, 991 (N.D. Ill. 1983) (quotation marks omitted). With one narrow exception, "a case barred by an affirmative defense is properly dismissed under Federal Rule of Civil Procedure 12(c) as a judgment on the pleadings, not under Rule 12(b)(6) for failure to state a claim upon which relief may be granted." *Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2025), *reh'g denied*, No. 22-3032, 2025 WL 2078828 (7th Cir. July 23, 2025); *see also Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) ("With a narrow and pragmatic exception for a plaintiff who has pleaded herself out of court, the appropriate vehicle for resolving an affirmative defense is a motion for judgment on the pleadings under Rule 12(c), not a Rule 12(b)(6) motion."). "[D]ismissal [under Rule 12(b)(6)] is appropriate *only* when the factual allegations in the complaint unambiguously establish all the elements of the defense." *Hyson USA*, 821 F.3d at 939; *see also Holmes*, 141 F.4th at 822 ("[T]here exists a narrow and pragmatic exception to the

10

general rule that affirmative defenses lead to dismissals under Rule 12(c) rather than Rule 12(b)(6): if the affirmative defense is clear from the face of the complaint, the court may dismiss under Rule 12(b)(6) instead."). In such a case, a plaintiff "has pleaded herself out of court." *Gunn*, 968 F.3d at 806. Because Word of Life's complaint does not facially show a failure to cooperate with Church Mutual during the settlement process, Word of Life did not plead itself out of court.

If Word of Life is required to plead compliance with all conditions precedent, it can do so generally. *See* Fed. R. Civ. P. 9(c)[4] ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."). Word of Life sufficiently pleaded compliance with the relevant conditions precedent. The complaint alleges that Word of Life allowed Church Mutual to inspect the property, Compl. ¶¶ 14, 24, timely notified Church Mutual of the loss, *id.* ¶¶ 19, 23, submitted a Sworn Proof of Loss, *id.* ¶ 26, "provided [Church Mutual] with photos, estimates and other documentation to support its loss and the Claim," *id.* ¶ 25, and "show[ed] and demonstrated such loss to [Church Mutual] during inspections," *id.* The exhibits attached to Word of Life's response further illustrate Word of Life's position. *See, e.g.*, Email Exchange 3[5] (explaining that Word of Life "will allow as many inspections as you feel you need" despite "not see[ing] any point in another inspection"). The exhibits also show that Word of Life's position is that it provided to Church Mutual "all the documentation [Word of Life] ha[d] been able to track down." *Id.* at 4. This extensive description of Word of Life's alleged cooperation with Church Mutual goes far beyond the

---

[4] "[A] federal court sitting in diversity applies federal pleading requirements even when the claim pleaded arises under state rather than federal law." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008)
[5] The emails attached in this exhibit are unpaginated. For ease of reference, the Court uses the page numbers generated by CM/ECF for pin cites.

requirement to plead compliance with conditions precedent generally and is sufficient to survive a motion to dismiss.

In sum, whether treated as an affirmative defense or a pleading requirement, Word of Life's complaint contains sufficient allegations to support a breach of contract claim.

### 2. Time Limitation

Church Mutual also claims that Word of Life's claim is time-barred. Mot. Dismiss ¶ 30. The Policy states, "No one may bring a legal action against [Church Mutual] under this Coverage Part unless . . . [t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred." Policy 60. In response, Word of Life points to 735 ILCS 5/13-217, which reads:

> In . . . any . . . contract where the time for commencing an action is limited, if . . . the action is dismissed by a United States District Court for lack of jurisdiction . . . then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff . . . may commence a new action within one year or within the remaining period of limitation, whichever is greater, after . . . the action is dismissed by a United States District Court for lack of jurisdiction . . . .

Federal courts sitting in diversity must apply state statutes of limitations. *See Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 108–10 (1945) (reasoning that applying state statutes of limitations is necessary to ensure that litigation outcomes do not depend on the forum in which the case is heard); *Heiman v. Bimbo Foods Bakeries Distrib. Co.*, 902 F.3d 715, 718 (7th Cir. 2018) (applying state statute of limitations "[b]ecause [it was] a diversity suit arising under state law"). Because 735 ILCS 5/13-217 is "an element of the statute of limitations," federal courts must apply Illinois tolling and savings provisions in diversity actions. *Evans ex rel. Evans v. Lederle Lab'ys*, 904 F. Supp. 857, 859 (C.D. Ill. 1995), *aff'd* 167 F.3d 1106 (7th Cir. 1999); *see, e.g., Conover v. Lein*, 87 F.3d 905, 907 (7th Cir. 1996) (applying 735 ILCS 5/13-217 in diversity

case); *Dvorak v. Granite Creek GP Flexcap I, LLC*, No. 16 C 9996, 2017 WL 714159, at *2 (N.D. Ill. Feb. 23, 2017) (same).

Word of Life's action, based on Illinois law, was removed to federal court on the basis of diversity jurisdiction. *See* Not. Removal ¶¶ 6–17. The Court therefore must apply 735 ILCS 5/13-217. Word of Life filed its initial complaint on March 27, 2025. *See* Civil Docket for Case No. 4:25-cv-04067-SLD-RLH 1. The Court dismissed this first complaint for lack of jurisdiction on May 9, 2025. *Id.* at 2. Under 735 ILCS 5/13-217, Word of Life then had one year to commence a new action. Word of Life filed a second, materially identical complaint in the Illinois Circuit Court of the Fourteenth Judicial District on May 19, 2025, well within the one-year deadline. *See* Compl. 1. Since this action is expressly permitted by 735 ILCS 5/13-217, is not time-barred.

### ii. Count II: Section 155

Church Mutual's only argument for dismissal of Count II is that "Section 155 does not create a standalone cause of action for alleged unreasonable delay or bad faith." Mot. Dismiss ¶ 54. It continues, "[i]f a plaintiff does not prevail on their claim for breach of contract, then 'the fee-shifting mechanism of Section 155 does not come into play.'" *Id.* ¶ 55 (quoting *Moles v. Ill. Farmers Ins. Co.*, 229 N.E.3d 856, 863 (Ill. App. Ct. 2023)). Because Word of Life's breach of contract claim survives the present motion to dismiss, it does not bring a standalone cause of action under Section 155. As a result, Church Mutual's motion to dismiss Count II is DENIED.

### CONCLUSION

Accordingly, Defendant Church Mutual Insurance Company SI's motion for leave to file a reply in support of its motion to dismiss, ECF No. 10, is DENIED, and its motion to dismiss,

ECF No. 7, is DENIED.  Church Mutual is directed to file a responsive pleading by January 2. *See* Fed. R. Civ. P. 12(a)(4)(A).

Entered this 19th day of December, 2025.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
